United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY T. COLE,<br><br>           Plaintiff,<br><br>      vs.<br><br>C.D.C.R.; P.V.S.P; S.V.S.P.; C.S.P. – LA.C.; M.C.S.P.; NATIVIDAD HOSPITAL; DR. TABAA; C.M.O. BRIGHT; DR. L. GAMBOA; DR. MILLNER; N.P. L. BEY; DR. R. MACK; B. CHAVARRIA; DR. P. FINANDER; T. BELAVICH; S. TSENG; B. CASH; DR. R. RUDAS; DR. SCOTT ALLEN HEATLY; R.N. S. ROBERT; DR. SAHIR NASEER; DR. R. GALLOWAY,<br><br>           Defendants<br>_____ / | Nos.   C 14-0524 WHA (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING APPOINTMENT OF COUNSEL**<br><br>(Dkt. 3, 5) |

## INTRODUCTION

Plaintiff, a pro se prisoner, filed this civil rights case under 42 U.S.C. 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, the complaint is dismissed with leave to amend.

## ANALYSIS

**A.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek

redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    LEGAL CLAIMS**

Plaintiff's complaint (dkt. 6) sets forth a narrative about his complex medical history, spanning four different prisons and eleven years. He alleges that he suffers from a staggering array of medical conditions, including Crohn's disease, hepatitis C, sclerosis cholangatitis, glaucoma, anemia, ashtma, arthritis, lupus, lung disease, collagen vascular disease, nephrotic syndrome, sickle cell anemia, valley fever, "bile stones," and pneumonia. While he names 21 defendants, he does not explain how they were involved in his medical care, let alone what

1  actions they took or failed to take that caused him the care to be inadequate.  The bulk of his
2  allegations are conclusory statements that unspecified defendants were "reckless" and
3  "endangered" his life and seem to blame them for the conditions he has contracted.  Such
4  allegations fall far short of stating plausible grounds for relief.  He also complains about being
5  transferred to different prisons, but he does not allege how such transfers caused him to receive
6  inadequate medical care and the transfers, in and of themselves, do not implicate his
7  constitutional rights, *see Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985).

8        In addition, the events occurring while he was incarcerated at three of the prisons —
9  Mule Creek State Prison, Pleasant Valley State Prison, and California State Prison - Los
10 Angeles County — and the claims against officials located there do not fall within the venue of
11 this court.  *See* 28 U.S.C. 84.

12       In order to state a cognizable claim that may be heard in this district, plaintiff must list
13 each claim, identify the defendant liable on that claim, and describe the medical care that each
14 named defendant provided or failed to provide that constitutes deliberate indifference to his
15 serious medical needs.  He must also limit his claims to those taking place while he was
16 incarcerated at Salinas Valley State Prison.  He will be given leave to file an amended
17 complaint to do so.

18 **CONCLUSION**

19 For the reasons set out above, it is hereby ordered as follows:

20 1. The complaint is **DISMISSED** with leave to amend, as described above, within **28**
21 **days** of the date this order is filed.  The amended complaint must include the caption used in
22 this order and the civil case number C 14-0524 WHA (PR) and the words FIRST AMENDED
23 COMPLAINT on the first page.  Because an amended complaint completely replaces the
24 original complaint, plaintiff must include in it all the claims he wishes to present.  *See Ferdik v.*
25 *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the
26 original complaint by reference.  <u>Failure to amend within the designated time and in accordance</u>
27 <u>with this order will result in the dismissal of this case.</u>

28 2. It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court

informed of any change of address by filing with the clerk a separate paper headed "Notice of Change of Address." Papers intended to be filed in this case should be addressed to the clerk and not to the undersigned. Plaintiff must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    3. The motions for "appointment" of counsel (dkt. 3, 5) are **DENIED** because there is no right to counsel in a civil case and this case presents no extraordinary circumstances at this stage that warrant such an appointment.

    IT IS SO ORDERED.

Dated: April __7__, 2014.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE