United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY T. COLE,<br><br>    Plaintiff,<br><br>vs.<br><br>C.D.C.R.; P.V.S.P; S.V.S.P.; C.S.P. – LA.C.; M.C.S.P.; NATIVIDAD HOSPITAL; DR. TABAA; C.M.O. BRIGHT; DR. L. GAMBOA; DR. MILLNER; N.P. L. BEY; DR. R. MACK; B. CHAVARRIA; DR. P. FINANDER; T. BELAVICH; S. TSENG; B. CASH; DR. R. RUDAS; DR. SCOTT ALLEN HEATLY; R.N. S. ROBERT; DR. SAHIR NASEER; DR. R. GALLOWAY,<br><br>    Defendants<br>                                    / | Nos.   C 14-0524 WHA (PR)<br><br>**ORDER OF DISMISSAL; DENYING PENDING MOTIONS**<br><br>(Dkt. 9, 10, 14, 16, 17, 18, 19) |

    Plaintiff, a pro se prisoner at Salinas Valley State Prison ("SVSP"), filed this civil rights case under 42 U.S.C. 1983. The complaint set forth a lengthy narrative complaining about eleven years of medical care at four different prisons for a wide array of medical conditions, and did not describe how the 21 different named defendants were involved in such care. On April 7, 2014, the complaint was dismissed with leave to file an amended complaint within 28 days with the following instructions:

> [P]laintiff must list each claim, identify the defendant liable on that claim, and describe the medical care that each named defendant provided or failed to provide that constitutes deliberate indifference to his serious medical needs. He must also limit his claims to those taking place while he was incarcerated at Salinas Valley State Prison.

1  He was further instructed to include the words "FIRST AMENDED COMPLAINT" and the
2  case number for this case on the front page of the amended complaint. He was informed that
3  his failure to comply with these instructions would result in the dismissal of this case.

4  Plaintiff has not filed an amended complaint in conformity with these instructions. On
5  April 9, the clerk received a form complaint from plaintiff with the instant case number on the
6  front page, and the clerk filed it as an amended complaint (dkt. 8). Plaintiff signed this form
7  complaint on April 2, five days before the order dismissing his complaint with leave to amend.
8  As a result, this form complaint did not comply with the instructions in the order. Specifically,
9  plaintiff included allegations pertaining to, and defendants located at, prisons outside of this
10 district. Moreover, the allegations in the amended complaint have nothing to do with his
11 medical care. Rather, he complains about an "R" suffix being attached to his prisoner
12 classification, which denotes a past sexual offense. The decision to affix this suffix allegedly
13 took place at a prison outside of this district, although it is possible that plaintiff also means to
14 challenge actions by officials at SVSP to keep using the suffix. Even if that were the case,
15 however, this claim is not properly joined in the same case as the unrelated allegations about
16 plaintiff's medical care. *See* Fed. R. Civ. P. 18, 20 (prohibiting joinder of unrelated causes of
17 action against different defendants in same case). Because the allegations in the form complaint
18 filed herein as an "amended complaint" pertain to matters outside of this district, are improperly
19 joined to the claims in the original complaint, and do not comply with the order dismissing the
20 original complaint with leave to amend, the claims set forth therein are **DISMISSED**. The
21 dismissal is without prejudice to plaintiff bringing claims about an allegedly improper suffix in
22 a new case filed in the federal district where the defendants are located and their allegedly
23 improper actions took place.

24  Plaintiff has also filed several exhibits and "requests to amend," none of which comply
25 with the instructions in the order dismissing his complaint with leave to amend. First, none of
26 these filings is a complete pleading indicating on the first page that it is a "FIRST AMENDED
27 COMPLAINT." Second, none of them list each claim, identify the defendant liable on that
28 claim, and describe the medical care that each named defendant provided or failed to provide

2

that constitutes deliberate indifference to his serious medical needs. Third, plaintiff continues to assert claims in these documents arising from events that took place outside of this district. Last, they were not filed within the deadline for filing an amended complaint, and plaintiff does not explain the reasons for the delay or seek an extension of the deadline.

Because plaintiff has failed to file an amended complaint in accordance with the order dismissing his complaint with leave to amend, his claims are **DISMISSED** with prejudice except as described above. The motions to amend (dkt. 14, 16, 17, 18, 19) are **DENIED**. Plaintiff's recent motions for appointment of counsel (dkt. 9, 17) are **DENIED** for the same reasons that his prior motions were denied. The motion for leave to proceed in forma pauperis (dkt. 10) is **DENIED** as moot because he was already granted leave to do so.

IT IS SO ORDERED.

Dated: September 23, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3